**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1730
_____

EFOSA MABEL AKINWALE,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A201-586-059)
Immigration Judge: Jason L. Pope

_____

Submitted under Third Circuit LAR 34.1(a)
On November 20, 2020

Before: AMBRO, BIBAS and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 14, 2021)

_____

O P I N I ON*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**ROTH**, <u>Circuit Judge</u>:

Efosa Akinwale petitions for review of the BIA's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because the record supports the Immigration Judge's adverse credibility determination and the BIA sufficiently addressed Akinwale's arguments, we will deny her petition.

## I

On March 23, 2019, Akinwale came to the United States from Nigeria, seeking asylum and protection under the CAT. She alleges, among other things, that, in February and March 2019, she was threatened and/or attacked by the Oro (a Nigerian religious cult) in retaliation for witnessing an Oro religious festival (which is punishable by human sacrifice). She also alleges that she was threatened with imprisonment for harboring a lesbian woman fleeing mob violence in February 2019. The IJ found that Akinwale was not credible because she repeatedly contradicted herself and other evidence, especially regarding the Oro incidences, and, in any event, she failed to meet her burden to obtain asylum or relief under the CAT. The BIA affirmed.

## II

Akinwale was required to show a credible fear of persecution or that it is more likely than not that she will be tortured if she returns to Nigeria.[1] In assessing an applicant's claims, the IJ and BIA "may weigh the credible testimony along with other evidence of

---

[1] *Ordonez-Tevalan v. Attorney Gen.*, 837 F.3d 331, 341 (3d Cir. 2016).

record."[2] We review the BIA's adverse credibility determination for substantial evidence.[3]

First, Akinwale argues that the BIA's adverse credibility determination was not supported by substantial evidence. We disagree. If anything, the BIA's description of Akinwale's inconsistencies was charitable. Akinwale's neighbor, Mr. Johnson, stated in an affidavit that the ritual occurred in January 2019. By contrast, Akinwale stated in her credible fear interview that she witnessed the ritual and was chased into her house in "the second week of February 2019," and then "threatened" again "a week later" in "March 2019."[4] In her declaration, however, she implied that there was only one Oro incident, that it occurred in March 2019, and that she was not merely threatened but also "dragged . . . outside and . . . beat[en]."[5] In her asylum application, she again referred to only one incident, but stated that it occurred in February.

Although Akinwale offers plausible explanations for some of these inconsistencies, *e.g.*, that the attacks were ongoing between February and March 2019, and that Mr. Johnson was mistaken, the IJ was not required to credit those explanations. Indeed, the IJ specifically found Akinwale's explanation of Mr. Johnson's contradictory affidavit unpersuasive in light of the recency and importance of the Oro incidences to her claims. Akinwale also argues that Mr. Johnson's affidavit does not significantly contradict her statements because "the second week of February 2019" began on February 3, close to the end of January. That timeline, however, does not explain Akinwale's statement that the

---

[2] 8 U.S.C. § 1158(b)(1)(B)(ii).
[3] *Ordonez-Tevalan*, 837 F.3d at 341.
[4] A.R. at 599.
[5] *Id.* at 685.

March incident occurred "a week later" (or even thereabout). Similarly, Akinwale's assertion that the threats were ongoing does not explain the strong implication in her declaration and application that there was only one incident. Nor does it explain her statement in the declaration that the ritual occurred in March: While describing the first incident, she stated that although "usually, Oro festivals take place around August . . . my encounter with the Oro Ritualists was in early March of 2019" because of an Oro funeral.[6] Thus, viewed in context, she clearly stated that the first, not the second, incident occurred in March, contradicting her other statements that it occurred in February or was ongoing, as well as Mr. Johnson's statement that it occurred in January.

Akinwale also failed to explain other inconsistencies. For example, Akinwale stated that she did not engage in political activity and did not fear persecution based on her political opinions, but she later stated that she "campaigned for [a minority political party]"[7] and sought asylum on that ground.

Because the IJ's determination that Akinwale was not credible is supported by substantial evidence,[8] the IJ was entitled to reject all her grounds for asylum.[9]

Second, Akinwale argues that, in rejecting her CAT claim, the IJ and BIA ignored

---

[6] *Id.* at 685.

[7] *Id.* at 505.

[8] *Chukwu v. Attorney Gen.*, 484 F.3d 185, 189–91 (3d Cir. 2007), is inapposite. In *Chukwu*, the alleged inconsistencies relied on by the IJ were resolved by the petitioner's testimony and corroborating evidence, except for one inconsistency in the petitioner's airport statement that was insufficient as a matter of law to support an adverse credibility determination. Here, neither Akinwale's testimony nor extrinsic evidence explain all the inconsistencies, some of which go to the heart of her applications.

[9] *See Lin v. Attorney Gen.*, 543 F.3d 114, 128 (3d Cir. 2008).

evidence that the Nigerian government routinely imprisons and tortures those who aid and abet homosexual activities under Nigeria's Same-Sex Marriage Prohibition Act (SSMPA). Even if her CAT claim could survive the IJ's adverse credibility determination,[10] Akinwale mischaracterizes the evidence that the BIA allegedly ignored. Specifically, in the 2018 Human Rights Report on Nigeria on which she relies, the State Department stated that the government has dropped *every* aiding and abetting charge brought under the SSMPA after the defendant paid a bond.[11] Although such extortion, if true, is reprehensible, it is not evidence that aiders and abettors are tortured. Because there is no record evidence contradicting the BIA's determination that Akinwale failed to "demonstrat[e] that it is more likely that not that she would suffer abuse amounting to torture,"[12] the BIA did not fail to address evidence.[13]

---

[10] *See* 8 C.F.R. § 208.16(c)(2) ("The testimony of the applicant, *if credible*, may be sufficient to sustain the burden of proof without corroboration." (emphasis added)).

[11] It also stated that the Nigerian government "did not impede the work of" NGO's "providing safe havens for LGBTI individuals." A.R. at 646; *cf. Amanfi v. Ashcroft*, 328 F.3d 719, 725 (3d Cir. 2003) (denying relief under the CAT because, *inter alia*, Ghana's "law [against homosexuality] is not strictly enforced and homosexuality is generally tolerated").

[12] Appx. at 7.

[13] Akinwale also argues that the BIA improperly ignored evidence contradicting its conclusion that her credibility was undercut by a report of the Immigration and Refugee Board of Canada. Remand on this issue, however, would be futile. *See Ricketts v. Attorney Gen.*, 955 F.3d 348, 351 (3d Cir. 2020) ("[R]emand for further agency action is unnecessary when 'only one disposition is possible as a matter of law.'" (quoting *George Hyman Constr. Co. v. Brooks*, 963 F.2d 1532, 1539 (D.C. Cir. 1992))). The IJ did not rely on the report for its adverse credibility determination. Even without this ground for discrediting Akinwale, the BIA as a matter of law could not have concluded that the IJ's determination based on Akinwale's inconsistencies was clear error, or that the remaining record evidence was sufficient to show a well-founded fear of persecution. *See Huang v. Attorney Gen.*, 620 F.3d 372, 383 (3d Cir. 2010) (holding that although the BIA reviews existence of well-founded fear *de novo*, it reviews factual determinations, including

**III**

For the reasons explained above, we will deny Akinwale's Petition for Review of the BIA's judgment, denying her applications for asylum, withholding, and relief under the CAT.

credibility, for clear error); *see also Alimbaev v. Attorney Gen.*, 872 F.3d 188, 195 (3d Cir. 2017).